UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13-CV-P87-R

JEFFREY JOHNSON                                                     PLAINTIFF

v.

DOUG CRAFTEN et al.                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jeffrey Johnson, filed a *pro se*, *in forma pauperis* complaint on the Court's general complaint form. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 594 U.S. 199 (2007)). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, who is incarcerated, sues Doug Craften, Holly Green RV Park, Sheriff Bill Markem, the Calloway County Sheriff's Department, Max Parish, Jr., Burl's Wrecker Service, and Arvin Craften. He alleges discrimination and violation of his constitutional rights. He states that he was arrested in the beginning of May for an "issue" involving a lawsuit he has filed against Murray State University. He alleges that on the next day he received a phone call from Defendant Arvin Craften stating that he wanted Plaintiff's trailer moved from a lot by campus. He states that he told Defendant Arvin Craften that he would move the trailer when he got out of jail. Plaintiff alleges that two hours later he received a call from "Max Parish, Jr. Aka Burls Wrecker Service" who said he was with the sheriff and was going to move the trailer. Plaintiff told him not to move the trailer. Apparently, the trailer was moved anyway resulting in damage to the trailer. Plaintiff alleges that Arvin Craften, Sheriff Bill Markem, and the Calloway County

Sheriff's Department did not follow procedure in that Plaintiff received no eviction notice or summons. Plaintiff alleges that this amounted to theft by deception. He also alleges that Burl's Wrecker Service intended to hold the trailer for storage until the bill is so high Plaintiff cannot get it back. He alleges that he has been discriminated against because he has a disability. Plaintiff asserts: "[I]sn't the reason we have laws to protect renters and landlords and Sherriff are supose to follow the procedure and obey the laws, not conspire to defruad and steal by abusing their powers[.]" Plaintiff asks for $15,000,000 in monetary damages and a written public apology on a one-page advertisement by each Defendant in the Murray Ledger & Times.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims against Doug Craften and the Holly Green RV Park*

The complaint makes no allegations regarding these Defendants. Some factual basis for each claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how each defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to these two named Defendants. As such, these Defendants must be dismissed from this action. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a cause of action asserting a constitutional deprivation).

*Claim against Sheriff's Department*

The Sheriff's Department is not an entity subject to suit, and, therefore, the claims against it must be brought against Calloway County as the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a 42 U.S.C. § 1983[1] claim is made against a municipality, like Calloway County, a

---

[1] Although Plaintiff filled out the Court's general complaint form rather than the § 1983 form, the Sixth Circuit Court of Appeals has held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Plaintiff has no cause of action directly under the Constitution; therefore, the Court construes Plaintiff's claims under the constitutional amendments as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr.*

court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of

---

*Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has not alleged that a policy or custom of Calloway County deprived him of his constitutional rights. Therefore, the Court will dismiss Plaintiff's claims against the Sheriff's Department for failure to state a claim.

*Constitutional claims*

The Court will allow Plaintiff's constitutional claims, which it interprets to be a Fourth Amendment unlawful-seizure claim and a Fourteenth Amendment due-process claim, to go forward against Sheriff Markem, Max Parish, Jr., Burls Wrecker Service, and Arvin Craften.

*Claim related to disability*

Plaintiff does not specify what the legal basis of his claim of discrimination based on a disability is. The Fair Housing Amendments Act of 1988 (FHAA) makes it unlawful to: (1) discriminate in the rental of a dwelling because of handicap of that renter; and (2) discriminate against any person in the "terms, conditions, or privileges" of the "rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of" that person's handicap. 42 U.S.C. §§ 3604(f)(1)(A) and (f)(2). The definition of dwelling in the FHAA includes mobile home sites. *See* 42 U.S.C. § 3602(b); *Walker v. Todd Vill., LLC*, 419 F. Supp. 2d 743, 747 (D. Md. 2006). The FHAA also provides that it is unlawful to interfere, coerce, or intimidate against someone for having exercised rights protected by the FHAA. 42 U.S.C. § 3617. Accordingly, the Court interprets Plaintiff's claim regarding disability to be

5

one brought under the FHAA and allows that claim to go forward.

*State-law claim for theft by deception*

The Court also will allow this state-law claim to continue.

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that the claims against Doug Craften, Holly Green RV Park, and the Calloway County Sheriff's Department are **DISMISSED** pursuant to § 1915A(b)(1) for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate these Defendants as parties to this action.

The Court will enter a separate Scheduling Order to govern the development of Plaintiff's remaining claims. In allowing those claims to go forward, the Court expresses no opinion on their ultimate merit.

Date:


cc: Plaintiff, *pro se*
      Defendants
      Calloway County Attorney
4413.009