UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00087

JEFFREY JOHNSON,                                                                                   Plaintiff

v.

BILL MARCUM, *et al*,                                                        Defendants

## **MEMORANDUM OPINION**

This matter is before the Court upon several motions. First, Defendant Sheriff Bill Marcum has filed a Motion to Dismiss. (Docket No. 54). Second, Defendant Arvin Crafton has filed a Motion for Summary Judgment. (Docket No. 58). Third, Defendants Max Parish, Jr. and Burl's Wrecker Service have filed a Motion for Summary Judgment. (Docket No. 63). The time for Plaintiff to respond to these motions has passed, however Plaintiff did file a Pretrial Memorandum. (Docket No. 52). These matters are now fully briefed and ripe for adjudication. For the following reasons, Defendant Marcum's Motion to Dismiss is **GRANTED**; Defendant Crafton's Motion for Summary Judgment is **GRANTED**; and Defendants Parish and Burl's Motion for Summary Judgment is **GRANTED**.

## **BACKGROUND**

Because the Court previously screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismissed several claims, (Docket No. 14), the Court provides only the factual background relevant to Plaintiff's remaining claims.

Plaintiff Johnson, who is proceeding *pro se*, alleges violations of his constitutional rights. Johnson had his trailer parked at Defendant Arvin Crafton's Holly Green RV Park. While there, he fell far behind on making payments to Crafton. Johnson was arrested on unrelated charges,

1

and alleges that while incarcerated, he received a phone call from Crafton stating that he wanted Johnson's trailer moved from a lot. Johnson replied that he would move the trailer when he got out of jail. He alleges that two hours later, he received a call from Max Parish, Jr. with Burl's Wrecker Service, who stated that he was with Sheriff Marcum and planned to move the trailer. Johnson told him not to move the trailer. However, the trailer was moved, allegedly resulting in damage to Johnson's belongings. Johnson alleges that the Defendants did not follow procedure in that Johnson received no eviction notice or summons.

Upon its initial review, the Court permitted Johnson's constitutional claims, which it interpreted as a Fourth Amendment unlawful-seizure claim and a Fourteenth Amendment due-process claim, to go forward against Marcum, Crafton, Parish, and Burl's Wrecker Service. Additionally, Johnson alleges that he was discriminated against by Defendants because he has a disability. The Court interpreted this claim as falling under the FHAA. Finally, Johnson alleges a state law claim of Theft by Deception.

## STANDARD

In support of Defendant Marcum's Motion to Dismiss, he attaches a number of documentary exhibits and affidavits. Most are referenced to in Marcum's Motion. Generally, if matters outside the pleadings are presented to the court on a motion to dismiss under Rule 12(b)(6), then the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). The Court has considered the assorted exhibits offered by Marcum and will convert his motion to dismiss under Rule 12(b)(6) to one for summary judgment under Rule 56. *See Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F. 3d 443, 445 (6th Cir. 1997).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. S*ee Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id*. (citin*g Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). Mere speculation will not suffice to defeat a motion for summary judgment; "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996), abrogated on other grounds by *Lews v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312 (6th Cir. 2012). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 1776 (2007).

## DISCUSSION

**I.      Claims against Defendant Bill Marcum**

### a. Fourth Amendment unlawful seizure

Johnson alleges that Sherriff Marcum did not follow procedure in that Johnson received no eviction notice or summons before the movement of his trailer, and that such action constituted an unlawful seizure of his personal property in violation of the Fourth Amendment. In response, Defendants argue that "Sheriff Bill Marcum took no action to evict or otherwise move/dispose of personal property of the Plaintiff." (Docket No. 54). Johnson's description of Marcum's participation in the movement of the trailer is limited; he claims that Marcum gave Crafton the phone number of the jail and of Burl's Wrecker Service, and that Max Parish said he was with Marcum when he called Johnson at the jail. Marcum states that he never took possession of Johnson's property and did not assist any other party in doing so. He argues that "[th]ere was no active unconstitutional behavior perpetrated by the Sheriff as required to establish liability under 42 U.S.C. § 1983." (Docket No. 54). Crafton and Parish both agreed that Marcum was not present at any time when the trailer was moved, nor did he direct them to move it. (Docket No. 41; Docket No. 54).

The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable seizures, shall not be violated . . . ." U.S. Const. amend. IV. The Fourth Amendment protects against unreasonable seizures of property. *Hensley v. Gassman*, 693 F.3d 681, 688 (6th Cir. 2012). A seizure involves a "meaningful interference with an individual's possessory interests." *Id.* (quoting *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992)). To violate the Fourth Amendment, the seizure must have been objectively unreasonable. *Id.* (citing *United States v. Place*, 462 U.S. 696, 701 (1983)). What constitutes a "meaningful interference with property" is determined under a reasonableness analysis. *Soldal*, 506 U.S. at 71.

"[W]here the plaintiff seeks to hold government actors liable for participation in a repossession, state action is usually the central issue." *Hensley v. Gassman*, 693 F. 3d 681, 699 (6th Cir. 2012). Governmental actors:

> normally can be held responsible for a private decision only when [they have] exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State. Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment. *Id.*

A police officer's presence during a repossession to keep the peace is insufficient to convert the repossession into state action. *Hensley*, 693 F. 3d. at 699; *United States v. Coleman*, 628 F. 2d. 961, 964 (6th Cir. 1980). However, "the likelihood that state action will be found increases when officers take a more active role in the repossession." *Id.* "At some point, as police involvement becomes increasingly important, repossession by private individuals assumes the character of state action." *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983); s*ee also Mitchell v. Gieda*, 215 Fed. Appx. 163, 165 (3d Cir. 2007) (noting that an officer's presence at a repossession may constitute state action if "accompanied by affirmative intervention, aid, intimidation, or other use of power which converts him from a neutral third party to, in effect, an assistant of the repossessing party").

Here, as Defendant argues, Johnson has not alleged that Marcum took any role in the movement of his trailer, aside from providing Crafton with the contact information for the jail and for a tow-away service. This participation does not rise to state action; rather, the facts alleged involve the conduct of private individuals. While officers need not "physically assist in the eviction for the officers to have violated the tenants Fourth Amendment rights," here Marcum was not even on the scene. *See Cochran v. Folger*, 740 F. Sup. 2d 923, 923 (E.D. Ky. 2010). Similarly, even an officer's presence to keep the peace is not enough to constitute state

action; again, here, Marcum was not present and took no action to effectuate the movement of Johnson's trailer aside from providing a phone number. Hensley, 693 F. 3d at 699. As Johnson has not alleged state action summary judgment is granted for this claim.

### b. Fourteenth Amendment due-process

Plaintiff also claims a violation of his due-process rights under the Fourteenth Amendment. Defendant argues that "even if the Plaintiff suffered such a deprivation, it did not occur at the hands of the Defendant Sheriff [who] took no action to move, oversee, authorize or otherwise perpetrate the taking of the Plaintiff's property. This was a landlord/tenant dispute in which the Sheriff's office did not intervene in furtherance of eviction." (Docket No. 54).

Plaintiff's claims concerning his property fall within the purview of the Fourteenth Amendment, which provides that the state may not deprive a person of his property without due process of law. Under the Fourteenth Amendment, state action is subject to scrutiny, while private conduct is not subject to scrutiny. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). "To maintain an action under § 1983, a plaintiff must establish that he was 'deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law.'" *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). "[L]iability [under the color of state law] attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.'" *Nat'l Collegiate Athletic Ass'n*, 488 U.S. at 191.

Further, the Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Fourteenth Amendment's Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled on other grounds by *Daniels*

*v. Williams*, 474 U.S. 327 (1986). In order to assert a claim for deprivation of property without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543–44. Similarly, the Sixth Circuit has stated, "in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Victory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. S*ee Wagner v. Higgins*, 754 F. 2d 186, 191–92 (6th Cir. 1985).

The Plaintiff has not alleged state action sufficient to maintain this constitutional claim, as discussed above. Further, he has failed to demonstrate an inadequacy of state remedies in the case at bar. Consequently, summary judgment is granted as to Plaintiff's claim related to the damage to his property.

## II. Claims against Defendant Arvin Crafton, Max Parish Jr., and Burl's Wrecking Service

### a. Fourth Amendment unlawful seizure and Fourteenth Amendment due process claims

Defendants Crafton, Max Parish Jr., and Burl's Wrecking Service argue that both constitutional claims against them must be dismissed as Johnson has not alleged the existence of state action. Both the Fourth Amendment unlawful seizure claim and the Fourteenth Amendment due process claim require state action, and cannot merely involve private conduct. *See Hensley v. Gassman*, 693 F. 3d 681, 699 (6th Cir. 2012); *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). As the Court previously determined, this case involves

private conduct, as Johnson was unable to allege that Marcum's participation rose to the level of state action. Further, Johnson's Fourteenth Amendment due process claim must be dismissed as he failed to demonstrate an inadequacy of state remedies in the case at bar. Thus, summary judgment is granted as to these claims for these three Defendants.

      **b. FHAA**

Plaintiff alleges that he was discriminated against because he is disabled, and that "Arvin Crafton retaliated against me because I asked for a lease as required by law, and he said, 'no.' Because I am disabled I kept asking for baths and showers to brought up to code and made handicapped accessible." (Docket No. 52-1). Defendant Crafton responds that: 1) "[i]t was not Crafton's responsibility to make Plaintiff's own travel trailer handicapped accessible" as he "merely provided a space for it to be parked and provided electrical access;" 2) that "RV parks operate like a motel or a parking lot" and that "there was no reason for there to be a lease"; 3) and finally that Johnson has provided no evidence of discrimination or retaliation as required by the Sixth Circuit for a FHAA claim. (Docket No. 58). Defendants Parish and Burl's argue that Johnson has not established that he has a disability or that he was discriminated against in any way. (Docket No. 63).

As an initial matter, the Court notes that Johnson has not alleged any discriminatory behavior relating to Defendants Parish or Burl's. Thus, summary judgment is granted as to the FHAA claim against those two Defendants.

The Fair Housing Amendments Act of 1988 (FHAA) makes it unlawful to: (1) discriminate in the rental of a dwelling because of a renter's handicap; or to (2) discriminate against any person in the "terms, conditions, or privileges" of the "rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of" that person's

handicap. 42 U.S.C. §§ 3604(f)(1)(A) and (f)(2). The FHAA also provides that it is unlawful to interfere, coerce, or intimidate against someone for having exercised rights protected by the FHAA. 42 U.S.C. § 3617.

In analyzing claims of discriminatory intent, courts often borrow from the analysis used in Title VII cases. *Selden Apartments v. U.S. Dept. of Housing & Urban Dev.*, 785 F.2d 152, 159 (6th Cir. 1986); *Shaw v. Cassar*, 558 F.Supp. 303, 312 (E.D. Mich. 1983); *Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032, 1036–37 (2d Cir. 1979). Under the analysis established by the Supreme Court in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 801–05 (1973), the plaintiff must initially establish a prima facie showing of discrimination. *Campbell v. Robb*, 162 Fed. Appx. 460, 473 (6th Cir. 2006). This includes showing that Plaintiff belongs to a protected class of persons and that Defendant is aware of that fact. *Id.; Michigan Protection and Advocacy Service, Inc. v. Babin*, 799 F. Supp., 695, 706 (E.D. Mich. 1992). If the Plaintiff establishes a prima facie case, the Defendant must respond with a legitimate, nondiscriminatory reason. *Campbell*, at 473. If the Defendant does so, the Plaintiff must then prove that that reason is pretextual. *Id*.

Here, Johnson has not provided "more than a mere scintilla" of evidence supporting his claims. First, Johnson has not established that he has a disability. His mother alleges that he suffers from PTSD, but this is not substantiated in any way. The record contains no evidence of a disability that impairs a major life function of Johnson. *See Lee v. A&W Pritchard Enterprises, Inc.,* 2009 WL 3484068, at *2 (W.D. Ky. Oct. 23, 2009). Without providing more substantive evidence of his condition and how it affects him, Johnson has provided insufficient information under *Twombly*. 550 U.S. at 555. As for the allegations of discrimination, Johnson lived in his own travel trailer parked at the Holly Green RV Park. He does not explain how Crafton would

have had an obligation to improve aspects of Johnson's own travel trailer. Without alleging an injury or wheelchair use, Johnson has not explained the necessity of accommodations for his shower.

Additionally, it is not at all apparent that a RV Park such as this one would offer leases to those renting parking spaces there; Crafton has argued he is not in the practice of offering leases. Either way, Johnson has not provided any information explaining how Crafton's alleged unwillingness to provide him with a lease agreement was related to discrimination based on a disability. Finally, Johnson has not supported his claim that he was retaliated against or that his trailer was removed because of his PTSD. Johnson has simply not pled sufficient allegations to make out a prima facia case of discrimination under the FHAA. Further, Defendants have provided a legitimate, nondiscriminatory reason for their actions, namely that Johnson had fallen far behind on making his payments. Accordingly, the Motions are granted as to Johnson's FHAA claim.

### c. Kentucky Theft by Deception claim

Finally, Johnson alleges a claim of Theft by Deception, KRS 514.040. Because the Court is dismissing Johnson's federal claims, the Court will decline to exercise pendent jurisdiction over his remaining state law claim.

## CONCLUSION

For the following reasons, Defendant Marcum's Motion to Dismiss is **GRANTED**; Defendant Crafton's Motion for Summary Judgment is **GRANTED**; and Defendants Parish and Burl's Motion for Summary Judgment is **GRANTED**. A separate Judgment will issue.